IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RICHARD MCLAY MELVIN, §
§
Petitioner, §
§
v. § Civil Action No. 4:17-CV-675-O
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Richard McLay Melvin, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. BACKGROUND**

On April 6, 2011, in the 29th District Court, Palo Pinto County, Texas, Case No. 14188, a jury found Petitioner guilty of continuous sexual abuse of a child, and, the next day, the trial court sentenced Petitioner to 99 years' imprisonment. Clerk's R. 70, 74, ECF No. 15-2. On appeal, the Eleventh Court of Appeals of Texas affirmed the trial court's judgment, and, on August 21, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Pet. 3, ECF No. 7; Mem. Op. 13, ECF No. 15-16. Petitioner did not seek writ of certiorari or state postconviction habeas-corpus relief challenging his conviction. Pet. 3, ECF No. 1; Resp't's Preliminary Answer Ex. A, ECF No. 17-1. This federal habeas action was initiated per court order

on August 15, 2017, following severance of his habeas claims from his civil rights action in Civil Action No. 4:17-CV-553-O. Order, ECF No. 1. Upon initiation, a form § 2254 habeas petition was provided to Petitioner, which he completed and placed in the prison mailing system on September 12, 2017.[1] Petitioner raises two grounds for federal habeas relief in which he claims that, in violation of state law and his federal constitutional rights, the state failed to have a complaint pursuant to articles 2.04, 2.05, and 2.06 of the Texas Code of Criminal Procedure on file in his case. Pet. 6, ECF No. 7. As such, he contends that there can be no valid indictment, sentence, or judgment. *Id.* Respondent contends that the petition is untimely under the federal statute of limitations. Resp't's Preliminary Answer 3-7, ECF No. 17.

## II. LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] A federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claims involve matters related to his judgment of conviction, subsection (A) applies to his case. Under that provision, the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time for seeking direct review or the expiration of the time for seeking further direct review. For purposes of this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on November 19, 2013, triggering the one-year limitations period, which expired one year later on November 19, 2014. *Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, Petitioner's federal petition filed on September 12, 2017, was due on or before November 19, 2014, absent any tolling.[2]

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner did not file a postconviction state habeas-corpus application challenging his conviction for purposes of statutory tolling under § 2254(d)(2). Nor has he demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control

---

[2] Even if the Court were to deem Petitioner's federal petition filed in June 2017, when his civil rights complaint was filed, or in August 2017, when this habeas action was initiated, the petition would still be untimely.

prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). There is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court, and he presents no new evidence to meet the actual innocence exception. Rather, he asserts that he was merely following the Court's order by completing and returning the form petition.

Accordingly, Petitioner's federal petition was due on or before November 19, 2014. This habeas petition filed on September 12, 2017, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability is also DENIED.

**SO ORDERED** on this 12th day of December, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**